UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff,*

    *vs.*                                                 Case No. 25-mj-376-JPS

TIMOTHY BEA

    *Defendant.*

## TIMOTHY BEA'S RESPONSE TO GOVERNMENT'S MOTION FOR STAY OF RELEASE ORDER

On April 18, the government filed a criminal complaint charging Bea with drug and gun offenses. Dkt. 1. That complaint described an April 17th arrest and search warrant. On Monday April 21, 2025, Bea appeared on the complaint. A detention hearing was scheduled for April 23, 2025. At that detention hearing, after hearing from the parties, Magistrate Judge Stephen Dries issued an Order releasing Bea on conditions, including location monitoring. The government asked Judge Dries to stay that Order while it sought review of the release order. Judge Dries orally granted that motion. And on April 24, 2025, the government filed a motion to continue the stay until this Court rules on the government's motion to review the detention order. Dkt. 8.

"The mere request for a stay does not require the issuance of one." *United States v. Pavon-Andino*, No. CR 25-MJ-00022-TPO, 2025 WL 446143, at *4 (D. Colo. Feb. 10, 2025). Bea opposes the motion for review and the motion for the continuation of the stay because the government has not even tried to meet, much less actually met, the four factors under

*Federal Defender Services of Wisconsin, Inc.*

*Nken v. Holder*, 556 U.S. 418 (2019). The traditional standard for a stay requires courts to consider four factors: whether (1) the party seeking the stay is likely to prevail on the merits on review; (2) the party seeking the stay will be irreparably harmed in the absence of a stay; (3) other parties will not be substantially harmed by the entry of a stay; and (4) the public interest favors a stay. *United States v. Abass*, __ F. Supp. 3d __, No. 25-CR-0079-TSC, 2025 WL 1096795, at *2 (D.D.C. Apr. 11, 2025) (applying *Nken* factors to stay of release order). The *Abass* decision provides a clear roadmap for courts considering requests for a stay of a release order. Bea asks that the Court follow the *Abass* roadmap here.

As a preliminary point, *Abass* notes that the first two factors are the most critical. *Id*. at *3 (quoting *Nken*, 556 U.S. at 434). Of the first factor, the likelihood that the government will prevail, "it is not enough that the chance of success on the merits is better than negligible." *Id*. Judge Dries recognized that it was a close case but ultimately ruled that the government hadn't met its burden. The pretrial services office recommended release with minimal conditions. Bea has no prior record and the offense itself is not alleged to be violent. He owns his home and has substantial ties to the community.

As to the second factor, the government must show "more than mere possibility of irreparable injury." *Id*. at *5. Rather, the "irreparable harm must be both certain and great." *Id*. Even if Bea were released pending the review, the government would struggle to show certain and great harm. Bea would be wearing a location monitoring bracelet and subject to constant surveillance.

2

*Federal Defender Services of Wisconsin, Inc.*

Case 2:25-mj-00376-SCD-JPS   Filed 04/25/25   Page 2 of 3   Document 10

As to the third factor, "[t]he loss of liberty is a harm that is substantial." *Id*. There is long list of potential harms perpetrated by detention. Thus, this factor weighs strongly against staying the release order. And finally, the public interest weighs against staying the release order. His detention comes at a great cost. That has to be measured against the lack of concrete risk of danger his release poses.

The government routinely requests a stay of release when it disagrees with a magistrate judge's release decision. Those requests are granted as a matter of course in this district. Here, the government has not made the showing necessary to continue the stay. For that reason, Bea asks that the Court deny the motion for continuing the stay.

Dated at Milwaukee, Wisconsin, this 25th day of April, 2025.

Respectfully submitted,

*/s/ Joshua D. Uller*
Joshua D. Uller, WI Bar #1055173
Federal Defender Services
   of Wisconsin, Inc.
411 E. Wisconsin Avenue – Suite 2310
Milwaukee, WI  53202
Tel.  (414) 221-9900
Email:  joshua_uller@fd.org

*Counsel for Defendant,* Timothy Bea